IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOUNDED WARRIOR PROJECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYSTONE WOUNDED WARRIORS, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

COMES NOW Plaintiff, Wounded Warrior Project, Inc., by and through its counsel of record, pursuant to Rule 3 of the Federal Rules of Civil Procedure and, for its Complaint against Defendant Keystone Wounded Warriors, states and alleges as follows:

### THE PARTIES

1.     Wounded Warrior Project is a Virginia nonprofit corporation having its principal place of business and headquarters at 4899 Belfort Road, Suite 300, Jacksonville, Florida 32256.

2.     Upon information and belief, KWW is a Pennsylvania nonprofit corporation having its principal place of business at 108 Hammond Street, Blandon, Pennsylvania 19510.

### NATURE OF THIS ACTION; JURISDICTION OF THE COURT

3.     This is an action for (i) trademark infringement in violation of Lanham Act § 32, 15 U.S.C. §§ 1114; (ii) unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a); (iii) trademark dilution in violation of Lanham Act § 43(c), 15 U.S.C. § 1125(c); (iv) unfair trade practices in violation of § 3 of the Pennsylvania Unfair Trade Practices and Consumer Protection Law § 201-3, 73 Pa. Stat. § 201-3; (v) trademark infringement in violation

1

of Pennsylvania common law; and (vi) unfair competition in violation of Pennsylvania common law.

4.      This Court has (i) subject matter jurisdiction over Wounded Warrior Project's Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; and (ii) supplemental jurisdiction over Wounded Warrior Project's Pennsylvania unfair trade practices claim, common law trademark infringement claim and common law unfair competition claim under 28 U.S.C. § 1367(a). Further, the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(3).

5.      This Court may exercise personal jurisdiction over Keystone Wounded Warriors based upon its presence within, and transaction of business within, this district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims set forth in this Complaint occurred within this judicial district, and Keystone Wounded Warriors resides in this district.

## STATEMENT OF FACTS

**A.      Wounded Warrior Project**

7.      Wounded Warrior Project was founded in 2003 as a small nonprofit corporation to provide comfort items to service members injured in combat post-September 11, 2001. In just over a decade, Wounded Warrior Project has grown into a complete rehabilitative effort to assist injured service members, with both visible and invisible (such as post-traumatic stress disorder, combat and operational stress, and depression) injuries sustained in combat, as they recover and transition back to civilian life.

4832-6798-1854.2

8.     Wounded Warrior Project's purpose is to raise awareness and enlist the public's aid for the needs of injured service members; to help injured service members assist each other; and to provide unique programs and services which are specifically tailored to meet the needs of injured service members.

9.     Wounded Warrior Project is the owner of U.S. Trademark Registration No. 30014447 for the mark WOUNDED WARRIOR PROJECT (design plus words), depicting a silhouette of a soldier carrying another soldier injured in combat over his shoulder (*see* below), which was issued on September 27, 2005 for use in connection with charitable fund raising services; namely, to aid veterans returning from combat and their families.



10.     Wounded Warrior Project is the owner of U.S. Trademark Registration No. 4204531 for the mark WOUNDED WARRIOR PROJECT (words only), which was issued on September 11, 2012 for use on charitable fund raising services; namely, to aid veterans returning from combat and their families.

11.     Since its inception in 2003, Wounded Warrior Project has continuously used the WOUNDED WARRIOR PROJECT marks throughout the United States and internationally.

12.     In the past decade, Wounded Warrior Project has invested substantial time and resources to develop the WOUNDED WARRIOR PROJECT marks through national direct mail

3

campaigns, marketing, corporate product promotions and press releases. Wounded Warrior Project has received substantial national and local press coverage for its efforts, which is due in no small part to the support of the media and celebrities who support Wounded Warrior Project. In just over a decade (2003-2013), Wounded Warrior Project has received an estimated 30 billion media impressions with an estimated publicity value of $500 million.

13.     Wounded Warrior Project has over 1.3 million Facebook friends and more than 78,000 followers on Twitter. In fiscal year 2012, Wounded Warrior Project received over 5,200 incoming messages per day through its social media channels, reaching an estimated 67 million people. In fiscal year 2013, Wounded Warrior Project's social media team fielded more than 3 million incoming messages from its social media channels, averaging about 8,200 messages a day and reaching roughly 95 million people.

14.     The media impressions and publicity value statistics above evidence the high degree of public recognition Wounded Warrior Project has achieved since its creation in 2003. Due to Wounded Warrior Project's tireless efforts, the WOUNDED WARRIOR PROJECT marks have achieved the highest level of recognition status that may be obtained by a trademark - fame. In recognizing Wounded Warrior Project's extensive media coverage and consumer recognition, the Eighth Circuit noted that Wounded Warrior Project's "now famous trademark" has "become synonymous with veteran service to this generation of wounded veterans and their families." *See WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1035 (8th Cir. 2011).

15.     Wounded Warrior Project offers support to more than 40,000 injured service members, who Wounded Warrior Project refers to as "Alumni," and their caregivers through

4

nineteen different programs. In fiscal year 2013 alone, Wounded Warrior Project served more than 30,000 injured service and their family members through it various programs and services.

16.     Through its Mind programs, Wounded Warrior Project assists injured veterans by providing: (i) mental health resources and access to care; (ii) outdoor rehabilitative exercises that promote peer connection, challenging outdoor experiences, and healing with other veterans; (iii) online resources and self-help strategies for injured service members living with the invisible wounds of war, such as post-traumatic stress disorder, combat and operational stress, and depression; and (iv) peer support and mentoring resources from other Wounded Warrior Project Alumni.

17.     Through its Body programs, Wounded Warrior Project provides injured service members with  recreation, adaptive sports programs, physical health and nutritional strategies, physical rehabilitation, and overall strategies to remain physically engaged while adjusting to life after injury.

18.     Through its signature program, Wounded Warrior Project Packs, Wounded Warrior Project distributes backpacks to injured veterans at military trauma units filled with essential care and comfort items such as clothing, toiletries, playing cards, and other items, all of which are designed to make an injured service member's hospital stay as comfortable as possible.

19.     Through its Economic Empowerment programs, Wounded Warrior Project provides economic assistance to injured service members transitioning into the civilian workforce,  including (i) hands-on educational and vocational training, including a housing allowance and living stipend to enable injured veterans to participate in the program; and (ii) career guidance and job placement services.

4832-6798-1854.2

**B.     Keystone Wounded Warriors**

20.     Upon information and belief Keystone Wounded Warriors is a Eastern Pennsylvania based 501(c)(3) nonprofit corporation that conducts charitable fundraising to provide services and programs to assist injured military personnel.

21.     Upon information and belief, Keystone Wounded Warriors' charitable fundraising services include (i) financial counseling to help injured military personnel transition from the military to civilian life; (ii) physical training to help injured military personnel maintain active lifestyles; and (iii) counselling and mentorship for injured military personnel.

**C.     Events Leading to Litigation**

22.     On July 5, 2011, Keystone Wounded Warriors filed an application (Application Serial No. 85/363,633) to register the mark KEYSTONE WOUNDED WARRIORS (words only) for use in connection with charitable fundraising services to support the needs of severely injured U.S. military personnel.

23.     On July 8, 2011 Keystone Wounded Warriors filed a trademark application for a design only mark depicting a silhouette of a solider dragging another soldier injured in combat (*see* below), for charitable fundraising to support the needs of severely injured U.S. military personnel. The Keystone Wounded Warriors design only mark was subsequently registered on March 6, 2012 (U.S. Trademark Registration No. 4108398) for charitable fundraising to support the needs of severely injured U.S. military personnel.



24.     Upon information and belief, Keystone Wounded Warriors is currently using a derivative version of its KEYSTONE WOUNDED WARRIORS mark (design plus words) on its website, which (i) incorporates the nonprofits name in a typeface strikingly similar to that used by Wounded Warrior Project in connection with its WOUNDED WARRIOR PROJECT mark, and (ii) depicts a silhouette of a soldier dragging another soldier injured in combat (*see* below).



25.     A side-by-side comparison of the KEYSTONE WOUNDED WARRIORS mark and the WOUNDED WARRIOR PROJECT mark (*see* below) demonstrates the confusing similarity between the parties' marks.



7

26.     Upon information and belief, the likelihood of consumer confusion between the parties' marks is further aggravated by the fact that Keystone Wounded Warriors has posted images on its website depicting uses of the WOUNDED WARRIOR PROJECT marks at Keystone Wounded Warriors' charitable fundraising events (*see* screenshots below).





8







27.    Upon information and belief, the likelihood of consumer confusion between the parties' marks is further aggravated by the fact that Keystone Wounded Warriors adopted a mission statement ("To honor, empower, aid, and assist Pennsylvania service members") that is strikingly similar to Wounded Warrior Project's mission statement ("To honor and empower Wounded Warriors").

28.    Upon information and belief, Keystone Wounded Warriors (i) adopted the KEYSTONE WOUNDED WARRIORS word mark (depicted in an identical typeface), (ii) adopted its silhouetted soldier logo,  (iii) adopted a similar mission statement, and (iv) posted photographs bearing the WOUNDED WARRIOR PROJECT marks, in an intentional effort to confuse and deceive the public.

29.    Upon information and belief, Keystone Wounded Warriors first used the KEYSTONE WOUNDED WARRIORS word mark in commerce no earlier than October 25, 2010, and first used its silhouetted soldier logo in commerce no earlier than June 18, 2011.

30.    Upon information and belief, Wounded Warrior Project's first use of the WOUNDED WARRIOR PROJECT marks predates Keystone Wounded Warriors' first use of the KEYSTONE WOUNDED WARRIORS word mark and silhouetted soldier logo by more than seven (7) years.

31.    Upon information and belief, the WOUNDED WARRIOR PROJECT marks achieved secondary meaning prior to Keystone Wounded Warriors' first use of the KEYSTONE WOUNDED WARRIORS marks.

32.    Upon information and belief, the WOUNDED WARRIOR PROJECT marks achieved fame prior to Keystone Wounded Warriors' first use of the KEYSTONE WOUNDED WARRIORS marks.

10

33.     On or about April 18, 2012, Wounded Warrior Project filed Opposition No. 91204791 with the Trademark Trial and Appeal Board, opposing Trademark Application Serial No. 85/363,633. In its Notice of Opposition, Wounded Warrior Project alleged that the federal registration sought by Keystone Wounded Warriors will likely cause confusion, mistake, or deception in the minds of prospective consumers as to the source, origin, or sponsorship of the services promoted and rendered under the KEYSTONE WOUNDED WARRIORS marks and the services promoted and rendered under the WOUNDED WARRIOR PROJECT marks, causing damage and injury to Wounded Warrior Project.

34.     During the pendency of the Opposition proceeding, Wounded Warrior Project and Keystone Wounded Warriors engaged in settlement negotiations. During the settlement negotiations, Wounded Warrior Project consistently objected to Keystone Wounded Warriors' use of the KEYSTONE WOUNDED WARRIORS marks in connection with its charitable fundraising services on the basis that such use is likely to cause consumer confusion. Despite the parties' efforts, settlement negotiations have failed to produce a mutually agreeable settlement agreement.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

35.     The allegations of paragraphs 1 through 34 above are incorporated herein by reference as if fully set forth herein.

36.     Wounded Warrior Project is the owner of the WOUNDED WARRIOR PROJECT marks and has continuously used the WOUNDED WARRIOR PROJECT marks in interstate commerce since 2003, in connection with the marketing of its goods and services and the advertisement, promotion and presentation thereof.

4832-6798-1854.2

37.    The KEYSTONE WOUNDED WARRIORS marks are confusingly similar imitations of the WOUNDED WARRIOR PROJECT marks, and Keystone Wounded Warrior's use thereof in connection with its charitable fundraising services is likely to cause confusion, mistake, or deception as to the as to (i) the affiliation, connection, or association of Keystone Wounded Warriors with Wounded Warrior Project; or (ii) the origin, sponsorship, or approval of Keystone Wounded Warriors' charitable fundraising services by Wounded Warrior Project. Such actions constitute trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

38.    Wounded Warrior Project has not consented and does not consent to Keystone Wounded Warriors' use of any marks confusingly or deceptively similar to the WOUNDED WARRIOR PROJECT marks. Keystone Wounded Warriors' use of the KEYSTONE WOUNDED WARRIOR marks infringes upon Wounded Warrior Project's rights and unfairly trades upon Wounded Warrior Project's goodwill, as represented and symbolized by the WOUNDED WARRIOR PROJECT marks.

39.    As a proximate result of Keystone Wounded Warriors' acts of infringement alleged herein, Wounded Warrior Project has suffered and will continue to suffer irreparable damage to its business, goodwill, reputation, and profits, which cannot be adequately addressed by money alone. Wounded Warrior Project has no adequate remedy at law to prevent the above-mentioned infringement of its marks, and unless Keystone Wounded Warriors is preliminarily and permanently enjoined by the Court, Wounded Warrior Project will continue to suffer irreparable harm.

40.    Keystone Wounded Warriors' actions are willful and wanton attempts to obtain the benefit of the goodwill and reputation that Wounded Warrior Project has established in the

WOUNDED WARRIOR PROJECT marks by the investment of immeasurable amounts of time, money and energy over the last ten years.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants for the equitable relief set forth in the penultimate paragraph below, which is incorporated herein by reference, and such further relief as this Court may deem just and proper.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. 1125(a))

41.    The allegations of paragraphs 1 through 40 above are incorporated herein by reference as though fully set forth herein.

42.    The KEYSTONE WOUNDED WARRIORS marks are confusingly similar imitations of the WOUNDED WARRIOR PROJECT marks, and Keystone Wounded Warrior's use thereof in connection with its charitable fundraising services is likely to cause confusion, mistake, or deception as to (i) the affiliation, connection, or association of Keystone Wounded Warriors with Wounded Warrior Project; or (ii) the origin, sponsorship, or approval of Keystone Wounded Warriors' charitable fundraising services by Wounded Warrior Project. Such actions constitute unfair competition in violation of Lanham Act § 43(a), 15 U.S.C.§ 1125(a).

43.    Wounded Warrior Project has not consented and does not consent to Keystone Wounded Warriors' use of any marks confusingly or deceptively similar to the WOUNDED WARRIOR PROJECT marks. Keystone Wounded Warriors' use of the KEYSTONE WOUNDED WARRIOR marks infringes upon Wounded Warrior Project's rights and unfairly trades upon Wounded Warrior Project's goodwill, as represented and symbolized by the WOUNDED WARRIOR PROJECT marks.

13

44.     As a proximate result of Keystone Wounded Warriors' unfair competition alleged herein, Wounded Warrior Project has suffered and will continue to suffer irreparable damage to its business, goodwill, reputation, and profits, which cannot be adequately addressed by money alone. Wounded Warrior Project has no adequate remedy at law to prevent the above-mentioned unfair competition, and unless Keystone Wounded Warriors is preliminarily and permanently enjoined by the Court, Wounded Warrior Project will continue to suffer irreparable harm.

45.     Keystone Wounded Warriors' actions are willful and wanton attempts to obtain the benefit of the goodwill and reputation that Wounded Warrior Project has established in the WOUNDED WARRIOR PROJECT marks by the investment of immeasurable amounts of time, money and energy over the last ten years.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants for the equitable relief set forth in the penultimate paragraph below, which is incorporated herein by reference, and such further relief as this Court may deem just and proper.

## COUNT III
## FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

46.     The allegations of paragraphs 1 through 45 above are incorporated herein by reference as though fully set forth herein.

47.     The WOUNDED WARRIOR PROJECT marks are inherently distinctive, or have acquired distinctiveness, in connection with the charitable fundraising services provided by Wounded Warrior Project. The WOUNDED WARRIOR PROJECT marks are famous as a result of Wounded Warrior Project's prominence in the marketplace and extensive advertising, promotion, and provision of services under the WOUNDED WARRIOR PROJECT marks.

4832-6798-1854.2

48.     Keystone Wounded Warriors' wrongful and unauthorized use of the WOUNDED WARRIOR PROJECT marks is likely to dilute the WOUNDED WARRIOR PROJECT marks by blurring their distinctiveness in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49.     Wounded Warrior Project has not consented and does not consent to Keystone Wounded Warriors' use of the WOUNDED WARRIOR PROJECT marks.

50.     As a proximate result of Keystone Wounded Warriors' trademark dilution as alleged herein, Wounded Warrior Project has suffered and will continue to suffer irreparable damage to its business, goodwill, reputation and profits, which cannot be adequately addressed by money alone. Wounded Warrior Project has no adequate remedy at law to prevent the above-mentioned dilution of its marks, and unless Keystone Wounded Warriors is preliminarily and permanently enjoined by the Court, Wounded Warrior Project will continue to suffer irreparable harm.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants for the equitable relief set forth in the penultimate paragraph below, which is incorporated herein by reference, and such further relief as this Court may deem just and proper.

## COUNT IV
## STATE UNFAIR TRADE PRACTICES
### (73 Pa. Stat. § 201-3)

51.     The allegations of paragraphs 1 through 50 above are incorporated herein by reference as though fully set forth herein.

52.     Keystone Wounded Warriors' use of the confusingly similar KEYSTONE WOUNDED WARRIORS marks in connection with its charitable fundraising services constitutes deceptive conduct which creates a likelihood of confusion or misunderstanding as to (i) the affiliation, connection, or association of Keystone Wounded Warriors with Wounded

15

Warrior Project; or (ii) the origin, sponsorship, or approval of Keystone Wounded Warriors' charitable fundraising services by Wounded Warrior Project. Such actions constitute unfair trade practices in violation of § 3 of the Pennsylvania Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-3.

53.    Wounded Warrior Project has not consented and does not consent to Keystone Wounded Warriors' use of any marks confusingly or deceptively similar to the WOUNDED WARRIOR PROJECT marks. Keystone Wounded Warriors' use of the KEYSTONE WOUNDED WARRIOR marks infringes upon Wounded Warrior Project's rights and unfairly trades upon Wounded Warrior Project's goodwill, as represented and symbolized by the WOUNDED WARRIOR PROJECT marks.

54.    As a proximate result of Keystone Wounded Warriors' unfair trade practices alleged herein, Wounded Warrior Project has suffered and will continue to suffer irreparable damage to its business, goodwill, reputation, and profits, which cannot be adequately addressed by money damages alone. Wounded Warrior Project has no adequate remedy at law to prevent the above-mentioned infringement of its marks, and unless Keystone Wounded Warriors is preliminarily and permanently enjoined by the Court, Wounded Warrior Project will continue to suffer irreparable harm.

55.    Keystone Wounded Warriors' actions are willful and wanton attempts to obtain the benefit of the goodwill and reputation that Wounded Warrior Project has established in the WOUNDED WARRIOR PROJECT marks by the investment of immeasurable amounts of time, money and energy over the last ten years.

16

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants for the equitable relief set forth in the penultimate paragraph below, which is incorporated herein by reference, and such further relief as this Court may deem just and proper.

## COUNT V
## STATE TRADEMARK INFRINGEMENT
### (Pennsylvania Common Law)

56.    The allegations of paragraphs 1 through 55 above are incorporated herein by reference as though fully set forth herein.

57.    The KEYSTONE WOUNDED WARRIORS marks are confusingly similar imitations of the WOUNDED WARRIOR PROJECT marks, and Keystone Wounded Warrior's use thereof in connection with its charitable fundraising services is likely to cause confusion, mistake, or deception as to the as to (i) the affiliation, connection, or association of Keystone Wounded Warriors with Wounded Warrior Project; or (ii) the origin, sponsorship, or approval of Keystone Wounded Warriors' charitable fundraising services by Wounded Warrior Project. Such actions constitute trademark infringement in violation of Pennsylvania common law.

58.    Wounded Warrior Project has not consented and does not consent to Keystone Wounded Warriors' use of any marks confusingly or deceptively similar to the WOUNDED WARRIOR PROJECT marks. Keystone Wounded Warriors' use of the KEYSTONE WOUNDED WARRIOR marks infringes upon Wounded Warrior Project's rights and unfairly trades upon Wounded Warrior Project's goodwill, as represented and symbolized by the WOUNDED WARRIOR PROJECT marks.

59.    As a proximate result of Keystone Wounded Warriors' acts of infringement alleged herein, Wounded Warrior Project has suffered and will continue to suffer irreparable damage to its business, goodwill, reputation, and profits, which cannot be adequately addressed

17

by money alone. Wounded Warrior Project has no adequate remedy at law to prevent the above-mentioned infringement of its marks, and unless Keystone Wounded Warriors is preliminarily and permanently enjoined by the Court, Wounded Warrior Project will continue to suffer irreparable harm.

60.    Keystone Wounded Warriors' actions are willful and wanton attempts to obtain the benefit of the goodwill and reputation that Wounded Warrior Project has established in the WOUNDED WARRIOR PROJECT marks by the investment of immeasurable amounts of time, money and energy over the last ten years.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants for the equitable relief set forth in the penultimate paragraph below, which is incorporated herein by reference, and such further relief as this Court may deem just and proper.

## COUNT V
## STATE UNFAIR COMPETITION
### (Pennsylvania Common Law)

61.    The allegations of paragraphs 1 through 60 above are incorporated herein by reference as though fully set forth herein.

62.    The KEYSTONE WOUNDED WARRIORS marks are confusingly similar imitations of the WOUNDED WARRIOR PROJECT marks, and Keystone Wounded Warrior's use thereof in connection with its charitable fundraising services is likely to cause confusion, mistake, or deception as to (i) the affiliation, connection, or association of Keystone Wounded Warriors with Wounded Warrior Project; or (ii) the origin, sponsorship, or approval of Keystone Wounded Warriors' charitable fundraising services by Wounded Warrior Project. Such actions constitute unfair competition in violation of Pennsylvania common law.

4832-6798-1854.2

63.    Wounded Warrior Project has not consented and does not consent to Keystone Wounded Warriors' use of any marks confusingly or deceptively similar to the WOUNDED WARRIOR PROJECT marks. Keystone Wounded Warriors' use of the KEYSTONE WOUNDED WARRIOR marks infringes upon Wounded Warrior Project's rights and unfairly trades upon Wounded Warrior Project's goodwill, as represented and symbolized by the WOUNDED WARRIOR PROJECT marks.

64.    As a proximate result of Keystone Wounded Warriors' unfair competition alleged herein, Wounded Warrior Project has suffered and will continue to suffer irreparable damage to its business, goodwill, reputation, and profits, which cannot be adequately addressed by money alone. Wounded Warrior Project has no adequate remedy at law to prevent the above-mentioned unfair competition, and unless Keystone Wounded Warriors is preliminarily and permanently enjoined by the Court, Wounded Warrior Project will continue to suffer irreparable harm.

65.    Keystone Wounded Warriors' actions are willful and wanton attempts to obtain the benefit of the goodwill and reputation that Wounded Warrior Project has established in the WOUNDED WARRIOR PROJECT marks by the investment of immeasurable amounts of time, money and energy over the last ten years.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants for the equitable relief set forth in the penultimate paragraph below, which is incorporated herein by reference, and such further relief as this Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Wounded Warrior Project prays for judgment in its favor against Keystone Wounded Warriors on each count herein as follows:

A.    For preliminary and permanent injunctions, pursuant to 15 U.S.C. § 1116:

4832-6798-1854.2

      i.     Enjoining Keystone Wounded Warriors from (a) using the KEYSTONE WOUNDED WARRIORS word mark, (b) using its silhouetted soldier logo, (c) using its confusingly similar mission statement, (d) posting any photographs bearing the WOUNDED WARRIOR PROJECT marks on the Keystone Wounded Warriors website or any other website or social media platform, and (e) engaging in any acts or activities directly or indirectly calculated to trade upon the reputation and goodwill of Wounded Warrior Project; and

      ii.    Enjoining Keystone Wounded Warriors from any trademark infringement or unfair competition with Wounded Warrior Project in any manner whatsoever, and requiring de-identification by Keystone Wounded Warriors of any and all WOUNDED WARRIOR PROJECT marks.

B.    For an order requiring the United States Patent and Trademark Office to cancel the KEYSTONE WOUNDED WARRIORS mark (design only) registration, U.S. Trademark Registration No. 4108398; and

C.    For an order requiring the Trademark Trial and Appeal Board to refuse to register the KEYSTONE WOUNDED WARRIORS mark (words only), Application Serial No. 85/363,633.

D.    For an order requiring Keystone Wounded Warriors, pursuant to 15 U.S.C. § 1116, to file with this Court and serve upon Wounded Warrior Project within thirty (30) days after the entry of the injunction, a writing under oath setting forth in detail the manner and form in which they have complied with the injunction.

E.    For an order deeming this case exceptional pursuant to 15 U.S.C. § 1117 and awarding Wounded Warrior Project treble damages, all costs and attorney's fees in this matter.

F.      For an award to Wounded Warrior Project of its actual damages and all profits of Keystone Wounded Warriors attributable to Defendant's infringement of the WOUNDED WARRIOR PROJECT marks.

G.      For an order requiring Keystone Wounded Warriors to undertake corrective advertising acceptable to Wounded Warrior Project and to the Court, notifying the trade and public that Keystone Wounded Warriors' services are not rendered by, sponsored by, or affiliated with Wounded Warrior Project.

H.      For an order requiring Keystone Wounded Warriors to deliver for destruction all promotional materials, advertisements, signage and other communications to the public or any other material or representations that are or may include any renditions or imitations of the WOUNDED WARRIOR PROJECT marks or any material confusingly similar to the WOUNDED WARRIOR PROJECT marks.

I.      For such other and future relief as this Court may deem just.


Dated:  September ___, 2014                    Respectfully submitted,

                                               KUTAK ROCK LLP


                                               BY: _____
                                               Julie B. Negovan, Esq.
                                               KUTAK ROCK LLP
                                               Two Liberty Place, Suite 28B
                                               50 South Sixteenth Street
                                               Philadelphia, PA 19102
                                               (215) 299-4384

                                               *Attorneys for Plaintiff Wounded
                                               Warrior Project, Inc.*